JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL DAVIS

**DEFENDANTS**

JIOVANNI ROMERO, UNITED STAES OF AMERICA DEPARTMENT OF THE ARMY, AND SOUTHEASTERN

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

KEVIN P. KELLY, Esquire, Kelly & Herron, PC, 1700 Market Street, Suite 3112, Philadelphia, PA 19103  (215) 972-1500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

*CIVIL RIGHTS*
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

*PRISONER PETITIONS*
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1346(b)
Brief description of cause:
plaintiff sustained injuries in a motor vehicle accident involving US Government vehicle

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 09/06/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL DAVIS                              :
6323 Norwood Street                        :
Philadelphia, PA   19138                   :
                                           :
                vs.                        :
                                           :
JIOVANNI ROMERO                            :
6238 Everett Street                        :
Philadelphia, PA                           :        CIVIL ACTION
and                                        :
UNITED STATES OF AMERICA                   :
DEPARTMENT OF THE ARMY                     :
c/o US Attorney's Office                   :        NO.
615 Chestnut Street                        :
Suite 1250                                 :
Philadelphia, PA   19106                   :
and                                        :
SOUTHEASTERN PENNSYLVANIA                  :
TRANSPORTATION AUTHORITY                   :
1234 Market Street                         :
Philadelphia, PA 19107                     :

## COMPLAINT IN CIVIL ACTION

1.    This action arises under the Federal Tort Claims Act, 28

U.S.C. §1346(b).

(a)   On October 28, 2009, more than six (6) months before this

action was instituted, the claims set forth herein were presented

to the Department of the Army which failed to make final

disposition of the claims within that time, so that plaintiff deems

such failure to be a denial hereof.

2.    Plaintiff, Michael Davis, is a citizen of the

Commonwealth of Pennsylvania, an adult individual residing at the above-captioned address.

3.   Defendant, Jiovanni Romero, is a citizen of the Commonwealth of Pennsylvania,  an adult individual residing at the above-captioned address.

4.   Defendant, United States of America, Department of the Army (hereinafter "Army") is a governmental federal entity maintaining offices at the above-referenced address.

5.   Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as "SEPTA") is a transportation authority created under the laws of the Commonwealth of Pennsylvania by the Metropolitan Authorities Act of 1963 with its principal place of business located at 1234 Market Street, Philadelphia, PA 19107.

6.   On or about September 11, 2009, Defendant, Jiovanni Romero, possessed, controlled and operated a vehicle believed to be a Chevrolet Uplander, PA. registration G414750G, which vehicle was owned by defendant, Army, and involved in the accident hereinafter described.

7.   On or about September 11, 2009, and at all times relevant herein, defendant, Jiovannia Romero, operated the above described vehicle with the full knowledge, permission, consent and authority of defendant, Army, within the scope and course of his employment with defendant, Army, and acted as an agent, servant, workman, employee and/or other representative of defendant, Army.

8.    On or about September 11, 2009, and at all times relevant herein, Defendant, SEPTA, owned, possessed, and by its agent, servant, workman and/or employee then and there engaged in and furthering the interest of Defendant, SEPTA, controlled and operated the Route "K" bus involved in the accident hereinafter described, in which vehicle Plaintiff, Michael Davis, was a passenger.

9.    On or about September 11, 2009, Defendant, Jiovanni Romero, was operating the above described vehicle southbound on 17th Street in the City of Philadelphia, PA, and when at or near its intersection with 66th Avenue, he so carelessly and negligently operated said vehicle as to disregard a posted stop sign, suddenly and without warning entering the intersection without regard for oncoming traffic, thereby striking the SEPTA bus which was then and there traveling eastbound on 66th Avenue in a careless and negligent manner and was unable to avoid colliding with defendant Army's vehicle; at the time of the collision plaintiff, Michael Davis, was a passenger aboard defendant SEPTA's bus and was caused to sustain serious and disabling injuries more fully described herein.

### COUNT ONE
### MICHAEL DAVIS v. JIOVANNI ROMERO and UNITED
### STATES OF AMERICA, DEPARTMENT OF THE ARMY

10.    Plaintiff incorporates herein by reference paragraphs one through ten as though same were fully set forth at length.

11.    The automobile collision described in the preceding

paragraphs of this Complaint was caused by the carelessness and negligence of the Defendants, both generally and in the following particular respects:

    (a)  Failing to observe the other vehicle;

    (b)  Failing to maintain a proper lookout;

    (c)  Failing to maintain adequate control of the operation of their respective vehicles;

    (d)  Operating their respective vehicles at a speed which was excessive under the circumstances;

    (e)  Failing to stop their respective vehicles within the assured clear distances ahead;

    (f)  Operating their respective vehicles without due regard for the point and position of the other vehicle; and

    (g)  Failing to operate their respective vehicles with due care and regard for the health and safety of Plaintiff.

12.  As a result of the Defendants' negligence and the accident caused thereby, Plaintiff, Michael Davis, sustained severe bodily injuries including, but not limited to, cervical sprain and strain with a disc bulge at C2-3; disc herniation at C3-4; broad based disc herniation at C4-5 with narrowing of the right neural foramina, disc herniation at C5-6 prominent to the left narrowing both neural foramina, a right sided disc herniation at C6-7; thoracic sprain and strain; shoulder sprain and strain; and post-traumatic cephalgia, multiple bruises, lacerations and abrasions, together with a severe shock to his nervous system, some or all of

which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

13.   As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

14.   As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

15.   As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff, Michael Davis, demands judgment against the Defendants, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

### COUNT TWO
### MICHAEL DAVIS v. SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

16.   Plaintiff incorporates herein by reference paragraphs

one through fifteen as though same were fully set forth at length.

17.   The automobile collision described in the preceding paragraphs of this Complaint was caused by the carelessness and negligence of the Defendants, both generally and in the following particular respects:

      (a)   Failing to observe the other vehicle;

      (b)   Failing to maintain a proper lookout;

      (c)   Failing to maintain adequate control of the operation of their respective vehicles;

      (d)   Operating their respective vehicles at a speed which was excessive under the circumstances;

      (e)   Failing to stop their respective vehicles within the assured clear distances ahead;

      (f)   Operating their respective vehicles without due regard for the point and position of the other vehicle; and

      (g)   Failing to operate their respective vehicles with due care and regard for the health and safety of Plaintiff.

18.   As a result of the Defendants' negligence and the accident caused thereby, Plaintiff, Michael Davis, sustained severe bodily injuries including, but not limited to, cervical sprain and strain with a disc bulge at C2-3; disc herniation at C3-4; broad based disc herniation at C4-5 with narrowing of the right neural foramina, disc herniation at C5-6 prominent to the left narrowing both neural foramina, a right sided disc herniation at C6-7;

thoracic sprain and strain; shoulder sprain and strain; and post-traumatic cephalgia, multiple bruises, lacerations and abrasions, together with a severe shock to his nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

19. As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

20. As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

21. As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff, Michael Davis, demands judgment against the Defendants, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

**KELLY & HERRON, P.C.**

BY: _____
KEVIN P. KELLY, Esquire
Attorneys for Plaintiff
1700 Market Street
Suite 3112
Philadelphia,    PA    19103
(215) 972-1500
(215) 972-8217

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   MICHAEL DAVIS, 6323 Norwood Street, Philadelphia, PA  19138

Address of Defendant: GIOVANI ROMERO, 6238 Everett Street, Philadelphia, PA; UNITED STATES OF AMERICA DEPARTMENT OF THE ARMY, 101 E. Olney Avenue, #D5, Philadelphia, PA, 19120 and SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, 1234 Market Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction:   17th St. And 66th Avenue, Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐  No X

Does this case involve multidistrict litigation possibilities?              Yes☐  No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
       Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
       Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
       Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
       Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) FEDERAL TORT CLAIMS ACT - 28 U.S.C. §1346(b)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. X Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,    KEVIN P. KELLY    , counsel of record do hereby certify:
   X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE:  9/082011         KEVIN P. KELLY              28306
                     Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  9/08/2011         KEVIN P. KELLY              28306
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   MICHAEL DAVIS, 6323 Norwood Street, Philadelphia, PA  19138

Address of Defendant: GIOVANI ROMERO, 6238 Everett Street, Philadelphia, PA; UNITED STATES OF AMERICA DEPARTMENT OF THE ARMY, 101 E. Olney Avenue, #D5, Philadelphia, PA. 19120 and SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, 1234 Market Street, Philadelphia, PA. 19107

Place of Accident, Incident or Transaction:   17th St. And 66th Avenue, Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No **X**

Does this case involve multidistrict litigation possibilities?        Yes☐  No **X**

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No **X**

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) FEDERAL TORT CLAIMS ACT - 28 U.S.C. §1346(b)

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. X Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,        KEVIN P. KELLY        , counsel of record do hereby certify:

   X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought.

DATE:   9/082011 _____        **KEVIN P. KELLY** _____        28306 _____
                              Attorney-at-Law                        Attorney I.D.#

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   9/08/2011 _____        **KEVIN P. KELLY** _____        28306 _____
                              Attorney-at-Law                        Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**MICHAEL DAVIS**

    vs.

                           CIVIL ACTION

**JIOVANNI ROMERO**
and
**UNITED STATES OF AMERICA**       **NO.**
**DEPARTMENT OF THE ARMY**
and
**SOUTHEASTERN PENNSYLVANIA**
**TRANSPORTATION AUTHORITY**

        In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

_9/8/2011_
**Date**

_215-972-1500_
**Telephone**

_215-972-8217_
**FAX Number**

_PLAINTIFF_
**Attorney for**

_K. KELLY C. KELLY HERRON/LAW.COM_
**E-Mail Address**

(Civ. 660) 10/02